Dennis R. Hooper, Pro se
P.O. Box 1902
Roseburg, OR. 97470
541-332-0118
mollyandeve@yahoo.com

FILED 03 APR '17 12:48 USDC-ORE

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### EUGENE DIVISION

DENNIS RUSSELL HOOPER,

        Plaintiff,

vs.

UNITED STATES DEPARTMENT OF
HOUSING AND URBAN DEVELOPMENT;
COOS-CURRY HOUSING AUTHORITY

        Defendants

Case No. 6:17-cv-00031-MC

PLAINTIFF'S AMENDED
COMPLAINT
(14th Amendment;conversion; trespass
to property; implied covenant; breach
of contract; invasion of privacy;
retaliation; infliction of emotional
distress and anxiety;Oregon Residential
Landlord Tenant Act; Americans with
Disabilities Act;Freedom of Information
Act)

42 U.S.C. 1983; 42 U.S.C. 1437
24 CFR Part 5; 24 CFR part 966

Jury Trial Demanded

### INTRODUCTORY STATEMENT

1.

This is a civil rights action pursuant to 42 U.S.C. 1983 filed by Plaintiff for denying

Plaintiff's peaceful enjoyment and full use of his lawful residence and for allowing other

individuals and agencies to deny Plaintiff the peaceful enjoyment and full use of his residence and

tenancy, all in violation of Plaintiff's protected rights under the Fourteenth Amendment to the

United States Constitution. Plaintiff also brings an action under the Americans with Disabilities

Act for failure to provide full accessibility and accomodation at Plaintiff's HUD subsidized rented

AMENDED COMPLAINT - 1

property.

## PARTIES

2.

Defendant United States Department of Housing and Urban Development (HUD) was at all times relevant the federal agency charged with disbursing federal monies for local low income housing projects, setting standards and guidelines for implementing housing for elderly and disabled citizens, monitoring compliance with federal subsidized housing laws and monitoring performance and management of Public Housing Authorities (PHA). Defendant at all times was acting under the color of law.

3.

Defendant Coos-Curry Housing Authority (HA) was at all times relevant an Oregon corporationand serves as the property manager of Plaintiff's HUD subsidized residence. Defendant was charged with managing, maintaining, inspecting and supervising the multi-tenant property. Plaintiff received public housing benefits entitling him to be protected by the Fair Housing Act and various HUD regulations.

## FACTUAL BACKGROUND

4.

Plaintiff Hooper is a veteran with a physical disability. He suffers from paraplegia and requires a wheelchair for mobility. He has been categorized as a "catastrophically disabled veteran" by the Department of Veterans Affairs (VA). He has lived on public housing since August, 2008. He receives SSI benefits and veterans care for his healthcare and disability needs.

5.

At all times relevant to this complaint, Plaintiff Hooper resided at one of Defendant's

AMENDED COMPLAINT - 2

properties at 1041 12th Street, Port Orford, Oregon, 97465. The apartment managed by

Defendant Coos-Curry Housing Authority, (HA) is one of four units in two structures, all sharing

a common area. Plaintiff's rent is partially covered through public housing benefits. Plaintiff's

living conditions and benefits are subject to provisions of the Fair Housing Act and the Oregon

Residential Landlord T enant Act at ORS 90.360, et al.

6.

Plaintiff began his tenancy with Defendant HA in June, 2012. Plaintiff was provided with

general "Residents Obligations" document. Some time thereafter, Plaintiff was provided a newer

general "Resident Obligation". Plaintiff signed these documents. During Plaintiff's tenancy he was

provided general "Public Housing Grievance Procedure" document. This grievance procedure is

mandated by HUD.

7.

In April, 2013 some new tenants moved into 1047 12th Street, Port Orford, Oregon. This

apartment is across and diagonal from Plaintiff. These units share the common area and the

parking lot. Almost immediately, the new male and female tenants began to surveil Plaintiff's

movements and actions. Simultaneously, these tenants began to converse with, harass, and berate

almost everytime the two parties came in contact. The new tenants also began to disregard the

rules of the property and tenancy. During some of these rule violations, the new tenants blocked

Plaintiff's full use of the sidewalks. Plaintiff's disability prevents him from going around objects by

trekking on grass or muddy areas.

8.

Beginning in July, 2013 and continuing through January, 2017, Plaintiff submitted to

Defendant HA numerous complaints regarding the actions and rule violations of the new tenants.

Sometimes Defendant HA would respond in the affirmative, sometimes in the negative or not at

AMENDED COMPLAINT - 3

all. Periodically, Defendant would respond via email. These rule violations affected Plaintiff's

peaceful enjoyment and use of his residency.

9.

When written complaints failed to resolve the issues and failed to improve the atmosphere

of Plaintiff's tenancy, he initiated the Housing Authority's grievance process. Beginning in

September, 2013, Plaintiff submitted numerous, "Notice Of Grievance", to Defendant HA. The

purpose of these notices was to initiate the HUD approved grievance process.

10.

During all times relevant Defendant HA provided few informal responses as required.

When Plaintiff requested the follow up hearing, only one was ever provided. The reason(s) for the

denial of the grievance hearings were varied. Defendant HA claimed the grievances were invalid,

unsubstantiated, or proceedurally barred. In November, 2013, Plaintiff received a letter from the

attorney for Defendant HA. This letter set to minimized the concerns of Plaintiff and attempted to

relieve defendant of any responsibility.

11.

In an attempt to resolve the ongoing neighbor issues, Defendant HA contacted a third party

mediation agency, Neighbor to Neighbor. In December, 2013, Plaintiff received correspondence

from this agency, stating that mediation would not likely succeed. Plaintiff contacted this agency

to correct the record and to clarify the position of all parties. Mediation was not conducted.

12.

Commencing in 2014, Plaintiff contacted Defendant HUD through the state area office in

Portland, Oregon, for the purpose of seeking guidance on the HUD grievance process at the HA

level. Plaintiff attempted to complain about the non-compliance in the grievance procedure

AMENDED COMPLAINT- 4

conducted by Defendant HA, but was informed no complaint process was available through HUD. At the same time, Plaintiff voiced concerns regarding his tenancy. Defendant HUD informed Plaintiff that it could not intervene with local property management issues. Plaintiff's issues went unresolved.

13.

Commencing in 2015, Plaintiff attempted to escalate his complaints regarding the denial of his requested grievance hearings and the increasingly hostile and confrontational atmosphere with the new tenants at the property, with the regional HUD office in Seattle. This was done through emails and telephone calls. Again, Plaintiff was informed that HUD had no indirect control or influence over local Housing Authorities. Plaintiff was further informed that any complaints against a HUD office or personnel, should be lodged with the Inspector General's office.

14.

In 2016, Plaintiff sought guidance with landlord-tenant issues during his tenancy with the HA. All communication between Plaintiff and Defendant HUD ceased due to Plaintiff's litigation in Hooper v. Coos-Curry Housing Authority, et al, 6:16-cv-0005-MC. Counsel for the HUD area office in Portland, Jennifer E. Evert, stated that the HUD office in Portland, could no longer communicate with Plaintiff, even on landlord-tenant or general tenancy questions. This attorney shared this information with Defendant HA, who limited most relevant communication concerning the new tenants.

15.

Plaintiff sought guidance from outside agencies to resolve the hostile environment caused by the new tenant. When this effort failed, Plaintiff brought this civil action in January, 2017. Upon notice of this action, Defendant HA began to retaliate against Plaintiff's tenancy. In November, 2016, a scheduled annual inspection was performed inside Plaintiff's residence. On

AMENDED COMPLAINT-5

December 21, 2016, Plaintiff was informed that a re-inspection would be needed. None of the "failed items" listed for the re-inspection were lease violations, consequently, Plaintiff informed Defendant HA that their request for a re-inspection was denied. As a result, Plaintiff received notice on January 19, 2017, stating that Plaintiff's tenancy would be canceled on February 20, 2017.

16.

Plaintiff submitted a "Notice Of Grievance" on January 27, 2017, to agrieve the cancellation threat. This notice was denied on February 6, 2017. Plaintiff requested an informal hearing in accordance with the established grievance procedure. This request for a hearing was denied on February 23, 2017. Defendant HA filed eviction documents on February 21, 2017.

17.

Simultaneous to these events, the attorney representing Defendant HA in the aforementioned federal civil suit, Jeffrey J. Matthews, and Plaintiff, were scheduling another deposition. Mr. Matthews requested a deposition date of March 2, 2017. Plaintiff informed Mr. Matthews that Plaintiff would not be available, "the entire week". The deposition was rescheduled for March 9, 2017. Interestingly, the first appearance for the eviction was scheduled for March 1, 2017. Plaintiff was allowed to appear via telephone. However, Plaintiff could not afford the filing fee with his answer. As a result, a default judgment was issued on March 2, 2017, awarding possession of the apartment to Defendant HA. A Forced Entry Detainer mandated that Plaintiff remove all his possessions by March 12, 2017. Plaintiff was unable to do so and was only able to remove one wheelchair, some clothes and some medication. Plaintiff is currently homeless.

JURISDICTION

18.

AMENDED COMPLAINT-6

This Court has jurisdiction over Plaintiff's claims of violations of federal constitutional rights under 28 U.S.C. 1331 and 1343.

19.

Venue is proper under 28 U.S.C. 1391(b), in that one of the defendants reside in the District of Oregon and Plaintiff's claims for relief arose in this district.

20.

Some defendants have acted under color of state law at all times relevant to this complaint.

FIRST CLAIM FOR RELIEF: Public Actor Defendants 42 U.S.C. 1983, 14th Amendment, Failure to Protect

21.

Plaintiff realleges paragraph 1 through 20 as if more fully set forth herin.

22.

As a low-income, disabled citizen, Plaintiff receives federally subsidized housing assistance. Plaintiff has a reasonable expectation to live in a peaceful and secure environment while utilizing any HUD manged program. The stated mission of Defendant HUD is to provide or assist in providing habitable, safe and secure housing for those who quality. Defendant HUD has a duty to ensure all program participants and providers operate lawfully and equitably under all applicable federal, state and local laws.

23.

As a HUD program participant, Plaintiff has a protected interest under the 14th Amendment to be housed in safe and habitable conditions. At all times relevant, Defendant HUD failed to provide safe and habitable housing for Plaintiff.

24.

Defendant HUD has entrusted Defendant Coos-Curry Housing Authority with the

AMENDED COMPLAINT - 7

management and oversight of the HUD subsidized program located at 1041 12th Street, Port Orford, Oregon. Defendant HUD failed to properly or adequately monitor Defendant HA in the adminstration of relevant HUD program(s) at this property. This failure created an inhabitable living atmosphere at the property, causing stress, anxiety, and duress upon Plaintiff.

25.

Defendant HUD failed to ensure participant and tenant Richard York and Jana York, located at Plaintiff's rented property, followed all applicable HUD rules and regulations. This failure created a hostile living environment for Plaintiff causing him angst, stress, and anxiety.

26.

Plaintiff notified Defendant HUD of numerous HUD rule and regulation violations committed by tenants Richard and Jana York. These violations effected Plaintiff's tenancy in a negative way. Defendant HUD and Defendant HA failed to correct or remedy any issue relevant to these tenants. In the aggregate, these issues prevented Plaintiff from enjoying his residence. The policy endorsed and created by Defendant HUD violates the 14th Amendment protections held by Plaintiff and are unconstituional per se. This caused Plaintiff stress and anxiety.

SECOND CLAIM FOR RELIEF: Public Actor Defendants 42 U.S.C. 1983, 14th Amendment, Due Process Violation

27.

Plaintiff realleges paragraphs 1 through 26 as if more fully set forth herein.

28.

Plaintiff notified Defendant HUD of the deviation from the established HUD grievance procedure committed by Defendant HA. The grievance procedure is mandated for subsidized housing by federal housing laws. This procedure allows for due process for tenants with tenancy issues. It is a process that allows for an informal resolution to landlord-tenant issues. Defendant

HUD took no action to ensure federal housing laws were followed by Defendant HA, on this issue. Defendant HUD's indifference to Plaintiff's plight to get the full due process of HUD's grievance procedure or to provide guidance or direction on the matter, allowed Defendant HA to violate Plaintiff's 14th Amendment rights.

THIRD CLAIM FOR RELIEF: Defendant Coos-Curry Housing Authority, 14th Amendment, Due Process

29.

Plaintiff realleges paragraphs 1 through 28 as if more fully set forth herein.

30.

Plaintiff informed Defendant HA of the numerous rule violations committed by the new tenants Richard and Jana York. Plaintiff submitted numerous written complaints. When these complaints failed to resolve the issue, Plaintiff utilized the HUD approved grievance procedure. These grievances were submitted to Defendant HA pursuant to the Public Housing Grievance Procedure. Defendant HA failed to act or respond in accordance with the established procedure. These deliberate omissions denied Plaintiff due process during the resolution process.

31.

On September 24, 2013, Plaintiff submitted a "Notice Of Grievance", regarding the chronic and habitual rule violations committed by the new tenants. Defendant HA failed to provide a written summary as required by the grievance policy. Plaintiff followed up this grievance with an email to check on the status of the grievance. The issue was not resolved. The failure of Defendant HA to adhere to the grievance policy is a lease violation. The result of this failure was an increase in hostility at the HUD property and the deterioration of Plaintiff's quality of life.

32.

Plaintiff did not receive a written summary to his grievance within five days, as required by section 3.0 of the grievance policy. On October 31, 2013, Plaintiff submitted a "Notice Of Grievance", to agrieve the lack of response from the previous grievance. Defendant HA combined the two grievances and held the hearing on March 17, 2014. This delay is a lease violation. Plaintiff was not afforded due process before any consequential actions of Defendant HA were initiated.

33.

Defendant HA held an informal hearing on March 17, 2014, for the combined two grievances. A written summary was provided as required by the grievance policy. However, the summary addressed only one grievance. The hearing officer deferred action on the other grievance until further determination could be made. A timely summary was not provided. Plaintiff filed a grievance on May 21, 2014, requesting the additional summary missing from the March 17 hearing. A written response was provided in May, 2014. This delay is not timely due process.

34.

On October 8, 2014, Plaintiff filed a "Notice Of Grievance", to address another issue regarding the new tenants and HA staff. The written response was not provided until November 14, 2014, well past the time limit established by the grievance policy. The informal hearing was held December 4, 2014. The unnecessary delay left the issue in question and caused increased animosity between Plaintiff and the new tenants.

35.

On December 29, 2014, Plaintiff submitted a "Notice Of Grievance", regarding the habitual rule violations committed by Richard and Janna York of 1047 12th Street, Port Orford, Oregon and effecting the tenancy of Plaintiff. Specifically, Plaintiff agrieved the previous four complaints for the new tenants blocking the sidewalks; four complaints for disturbing myself or guests; three

AMENDED COMPLAINT-10

complaints for storage in the common area; and two complaints for violating Plaintiff's privacy. This grievance was not responded to until February 24, 2015. This delay is well past the required response time, effecting the due process of Plaintiff's legitimate grievances. The grievance was not resolved.

36.

On July 20, 2016, Plaintiff filed a "Notice Of Grievance", to address a written complaint submitted on June 2, 2016, regarding unruly actions of tenant Richard York. This complaint did not resolve the issue. Plaintiff escalated with the grievance request. Defendant HA did not provide a written summary until August 8, 2016. In this written response, Defendant HA stated that the grievances submitted by Plaintiff do not meet the definition of a grievance according to the Public Housing Grievance Procedure. Defendant HA refused to hold an informal hearing. In an email, staff at the Housing Authority stated that the issue had been resolved. The issue that gave rise to the grievance has not been resolved. The disregard of the HUD grievance policy violates Plaintiff's due process rights.

37.

On July 22, 2016, Plaintiff submitted a "Notice Of Grievance", to address continued harassment at the hands of tenant Richard York. Defendant HA combined their written response of August 8, with the grievance filed July 20. Defendant HA determined that the complaints filed in June 2016, were not a situation "which adversely affects your right, duties, welfare or status". The response also stated the the "Housing Authority was not going to intervene in the situation." No hearing was provided. The delayed response is not adequate due process as it affects Plaintiff's quality of life and his peaceful enjoyment of the property.

FOURTH CLAIM FOR RELIEF: Defendant HUD; American with Disabilities Act violation.

AMENDED COMPAINT-11

38.

Plaintiff realleges all previously raised matters as if more fully set forth herein.

39.

Plaintiff informed staff at the state HUD office that Plaintiff's numerous legitimate

complaints were either ignored or improperly disposed of. Particularly, the complaints alleging

that tenant Richard and Janna York were leaving objects on the common area sidewalks, thereby

preventing Plaintiff's unimpeded passage. Plaintiff alerted Defendant HUD that the Housing

Authority was not properly administering the grievance procedure. Some of these grievances

pertained to the unruly tenant denying Plaintiff full access to the common areas of the HUD

subsidized property. Plaintiff's access to the common area is protected through the ADA.

Defendant HUD's indifference to Plaintiff's lack of unfettered access to all common areas violates

the ADA. This violation left Plaintiff feeling dispondent, abandoned and disrespected.

FIFTH CLAIM FOR RELIEF: Defendant Coos-Curry Housing Authority; American with
Disabilities Act violation.

40.

Plaintiff realleges all previously raised matters as if more fully set forth herein.

41.

Defendant HA knowingly and willingly allowed another tenant to impede Plaintiff's

freedom of movement throughout the common area. Plaintiff submitted legitimate complaints in

good faith and followed the published HUD grievance procedure to resolve the issue of ADA

restrictions at Plaintiff's residence. At times throughout Plaintiff's tenancy, he was unable to fully

use all sidewalks on the property due to tenant made obstructions. At times throughout Plaintiff's

tenancy, he was unable to fully access all the grassy sections of the common areas due to the

intimidation and harassment perpetrated by tenant Richard York. Defendant HA's inability or

unwillingness to protect Plaintiff's full access under the ADA caused duress, anxiety and depression upon Plaintiff.

SIXTH CLAIM FOR RELIEF: Defendant Coos-Curry Housing Authority; Implied Covenant of quiet enjoyment violation.

42.

Plaintiff realleges all previously raised matters as if more fully set forth herein.

43.

Plaintiff entered into a landlord-tenant agreement with Defendant HA in June, 2012. This lease agreement contained certain obligations of the tenant and Housing Authority. Tenants Richard and Janna York arrived on the property in April, 2013. Soon thereafter, these tenants began to chronically and habitually violate many rules contained in the applicable lease agreement. These violations negatively impacted Plaintiff's tenancy in several ways, including, but not limited to, common area accessibility; invasion of privacy; verbal harassment and threats and disturbances. Plaintiff began to submit written complaints to the property manager to resolve these conflicts. Defendant's indifference and lack of resolve denied Plaintiff peaceful use and enjoyment of his residence. This implied covenant of quiet enjoyment is a long standing doctrine in Oregon.

44.

On July 10, 2013, Plaintiff submitted a written complaint regarding the landscaping activities of Richard and Janna York. A written response was authored by Ned Beman, Executive Director of the Housing Authority. This response was combined with other cooncerns stated by Plaintiff. No positive results were noticed by Plaintiff.

45.

On July 23, 2013, Plaintiff submitted a written complaint regarding the new tenants

AMENDED COMPLAINT-13

obstructing some sidewalks in the common area, preventing Plaintiff full access. Defendants failed to resolve this issue.

46.

On July 29, 2013, Plaintiff submitted a written complaint regarding smoking on the premises by the new tenants. This complaint was deemed unsubstantiated by Defendant HA.

47.

On August 22, 2013, Plaintiff submitted a written complaint regarding a rule violation. No actions were taken by Defendant HA, regarding this complaint.

48.

On August 31, 2013, Plaintiff submitted a letter voicing concerns over the new tenants numerous rule violations. Plaintiff stated these incidents disrupted the atmosphere of his residence and cited sections A.(1) and (2), respectively, of the Resident Obligations. These concerns were not resolved.

49.

On December 29, 2013, Plaintiff submitted a written complaint regarding unusual behavior of tenant Janna York. No action or response was provided by Defendant HA, regarding this complaint.

50.

On April 20, 2014, Plaintiff submitted a written complaint regarding multiple rule violations committed by new tenants Richard and Janna York. No action or response was provided by Defendant HA, regarding this complaint.

51.

On May 14, 2014, Plaintiff submitted a written complaint regarding some unusual behavior of tenant Janna York. Defendant HA deemed this complaint unsubstantiated.

52.

On May 21, 2014, Plaintiff submitted a written complaint regarding unusual behavior of tenant Janna York. No action or response was provided by Defendant HA, regarding this complaint.

53.

On May 30, 2014, Plaintiff submitted a written complaint regarding the verbal harassment of Plaintiff's caregiver by tenant Richard York. The caregiver was visiting another tenant when Mr. York shouted from his window, "We took a picture of you trespassing." No action or response was provided by Defendant HA, regarding this complaint. The lack of action from Defendant aggravated Plaintiff's health and anxiety. Plaintiff became despondent and depressed from a feeling of abandonment from management, in the way Plaintiff's private life was being effected by the new tenants.

54.

On May 30, 2014, Plaintiff submitted an additional written complaint regarding the unusual behavior of tenant Janna York. No action or response was provided by Defendant HA, regarding this complaint.

55.

On July 10, 2014, Plaintiff submitted a written complaint regarding a rule violation committed by the new tenants. This particular rule was consistently violated by the new tenants. Defendant HA took no action in stopping the habitual violations and did nothing to prevent future rule violations. These constant rule violations effected Plaintiff's tenancy and peace of mind.

56.

On July 24, 2014, Plaintiff submitted a written complaint regarding items left on the

AMENDED COMPLAINT - 15

sidewalks and common areas by Richard and Janna York. These items obstructed Plaintiff's

passage on some sidewalks. Defendant HA took no actions to stop or prevent these

encumbrances. This indifference was demeaning to Plaintiff.

57.

On September 21, 2014, Plaintiff submitted a written complaint regarding obstructions left

on the grassy area near a walkway for an entire week. A representative of Defendant HA sent

Plaintiff a response to this complaint. This written response contained a diagram and explanation

of the locations and scope of the common areas, sidewalks, and areas of each tenant's

responsibility, at the Port Orford property. This information was congruent to the relative

information contained in the Resident Obligations document. No other response or action was

provided regarding this complaint. The action of Defendant HA did nothing to correct the

behavior of the new tenants and the same rule violation continued. This trend denied Plaintiff the

full use of his residency and created a hostile living environ.

58.

On October 7, 2014, Plaintiff submitted a written complaint regarding a loud disturbance

and yelling created by Richard York and done in the presence of Plaintiff. This act was apparently

prompted by the presence of deer in front of Plaintiff's door. Mr. York feels that deer are nuisance

animals. Staff at Defendant HA did not provide guidance into determining the status of deer at

Plaintiff's residence. Plaintiff then attended a board meeting for the Coos-Curry Housing

Authority to discuss the definition of a nuisance animal. The Board determined that deer, per se,

are not a nuisance. No further action was taken by Defendant HA, regarding this complaint.

59.

On November 21, 2014, Plaintiff submitted a written complaint regarding privacy affronts

and harassment committed by tenant Richard York. These offenses violate the signed lease

AMENDED COMPLAINT - 16

agreement and Resident Obligations. Defendant HA responded with a letter dated December 4, 2014, requesting a face to face appointment with Plaintiff. This meeting was held in December, with HA employees Lisa Lucero and Cheryl Slagle. Neither of these employees are still employed with Defendant HA. Plaintiff produced photos, documents, and a witness statement to document the events regarding Richard York. This meeting was not productive.  The attorney for Defendant HA sent a letter to Plaintiff. This correspondence basically stated that nothing could be done about the hostilities and that Plaintiff shared some of the responsibility. It did nothing to remedy the tenancy problems but, made the situation worse for Plaintiff.

60.

On December 2, 2014, Plaintiff submitted a written complaint regarding the new tenants blocking the sidewalk with various articles. These items prevented Plaintiff from fully using the premises. No action or response was provided by Defendant HA, regarding this complaint.

61.

On December 17, 2014, Plaintiff submitted a written complaint regarding the actions of tenant Richard York. Mr. York yelled at me in a intrusive and threatening manner from his living room window, while I was using a sidewalk. This confrontation caused Plaintiff much grief and anxiety. This act of the new tenant violates the Resident Obligations. No action or response was provided by Defendant HA, regarding this complaint.

62.

On August 24, 2015, Plaintiff submitted a written complaint regarding the inappropriate maintenence request submitted by tenant Janna York. This act was a minor intrusion upon Plaintiff's privacy and tenancy. An employee of Defendant HA provided a written response via email regarding this complaint. Plaintiff considers this complaint resolved.

AMENDED COMPLAINT-17

63.

On September 20, 2015, Plaintiff submitted a written complaint regarding a disturbance created by tenant Richard York. This disturbance violated the peaceful enjoyment of the premises. Plaintiff's stress and anxiety were increased by this disturbance. Defendant HA provided a written response via email on September 23, 2015 regarding this complaint. Defendant HA basically dismissed this complaint. Complaint was not resolved.

64.

On September 21, 2015, Plaintiff submitted a written complaint regarding the ongoing conduct of tenant Richard York. The disturbances had escalated to involvement of law enforcement and emergency medical technicians. The disturbances also grew in intensity , duration and frequency. At all times relevant, Plaintiff's tenancy was negatively effected by these incidents. Defendant HA provided a written response via email on September 24, 2015, basically dismissing this complaint. Defendant HA did nothing to correct this lease violation or prevent further incursions upon Plaintiff's tenancy. This complaint was not resolved.

65.

On September 22, 2015, Plaintiff submitted a written complaint regarding a disturbance created by tenant Richard York. The peaceful environment of the premises was destroyed by the actions created by Mr. York. Plaintiff was unnecessarily bothered and disturbed while using his residence. Defendant HA provided a written response via email on September 28, 2015, basically dismissing this complaint. This complaint was not resolved.

66.

On June 2, 2016, Plaintiff submitted a written complaint regarding tenant Richard York consistently blocking a sidewalk shared by all tenants in the common area. A written response to this complaint was dated June 7, 2016. While Plaintiff's complaint was acknowledged, no further

action or response was provided by Defendant HA. This complaint was not resolved.

67.

On June 22, 2016, Plaintiff submitted a written complaint regarding tenant Richard York involving himself into Plaintiff's privacy and personal health business. Mr. York interfered with or attempted to interfere with Plaintiff's medical transportation. Plaintiff's privacy was violated and his personal business affairs were interrupted by tenant Richard York. This complaint was accompanied by Defendant HA declined to take any action regarding this complaint.

68.

On September 29, 2016, Plaintiff submitted a written complaint regarding another hostile action towards Plaintiff from tenant Richard York. This constant lease violation denies Plaintiff his peaceful and unfettered use of the premises. This action created stress upon Plaintiff. Defendant HA provided a written response on October 12, 2016. Plaintiff was informed that mediation would be scheduled with a trained mediator. This did not occur. Complaint was not resolved.

69.

On October 1, 2016, Plaintiff submitted a written complaint regarding harassment perpetrated by tenant Richard York. Mr. York used local law enforcement to harass and annoy Plaintiff at his residence. A police report was filed. It was determined by law enforcment that the allegations made by Mr. York were baseless. This gross invasion of Plaintiff's privacy and peace caused great angst and grief upon Plaintiff. Plaintiff could not enjoy his home in good faith. Defendant HA provided a written response on October 6, 2016. Plaintiff was again informed that mediation would be scheduled to resolve the issue. This did not occur. This complaint was not resolved.

SEVENTH CLAIM FOR RELIEF: Defendant HUD; Freedom Of Information Act violation.

70.

Plaintiff realleges all previously raised matters as if more fully set forth herein.

71.

On August 31, 2016, Plaintiff officially filed a FOIA request from Defendant HUD. This request was acknowledged through Jennifer Evert, a representative of Defendant HUD, on September 1, 2016. As of the filing of this suit, Defendant HUD has failed to provide requested information. Additionally, Defendant HUD, through its representative Evert, knowingly and willingly obstructed lawfully requested information from Plaintiff. This obstruction negatively impacted Plaintiff's tenancy and is incongruent with Defendant HUD's stated mission or goal(s).

EIGHTH CLAIM FOR RELIEF: Defendant HA, Oregon Residential Landlord Tenant Act, retaliation claim.

72.

Plaintiff realleges all previously raised matters as if more fully set forth herein.

73.

Around June, 2012, Plaintiff began to occupy his residence at 1041 12th Street, Port Orford, Oregon. That following winter, Plaintiff noticed a draft or air leak passing through the back room window. Additionally, Plaintiff observed light and air passing around the front door insulation. Soon thereafter, Plaintiff requested some weatherization improvements at his residence. At that time, Defendant HA stated that there was no funding available for such a request. Plaintiff's informal request was summarily denied and no further action was taken by either party.

74.

On November 29, 2016, Defendant HA conducted an annual inspection of Plaintiff's

residence. During this inspection, Plaintiff highlighted that the window was still not as energy efficient as the other windows in the residence and renewed his request for weatherization. On December 21, 2016, Defendant HA notified Plaintiff that there were, "certain failed items that needed to be addressed by the resident." Defendant HA also notified Plaintiff that it wanted to "re-inspect" the failed items on January 19, 2017. However, none of these failed items are lease violations or violate the Resident Obligations. For example, the sheet covering the window in question is the type of sheet covering the living room window, yet no mention of this situation was stated by Defendant HA. Likewise, using a certain type of heat source to heat a room and/or providing air circulation to a room, are not mandated in the Resident Obligations. As Defendant HA's requests were not mandatory and the requests were not consistent with previous inspections, Plaintiff elected not to comply with the requests.

75.

On January 18, 2017 and at other times, Plaintiff informed Defendant HA that their request for a re-inspection of the "failed items" was denied. Defendant HA submitted a letter dated January 19, 2017, stating that Plaintiff's tenancy would be canceled. Also stated in this correspondence was, "If you take no action to remedy the violation, the eviction procedure will continue." Also stated on this notice, "You have the right to request a hearing within 10 days under the CCHA grievance procedure. Any request for a hearing must be received no later that January 30, 2017."

76.

On January 27, 2017, Plaintiff submitted a "Notice of Grievance" to agrieve the notice of cancellation. On February 6, 2017, Plaintiff received a response to his grievance request. Apparently, the grievance hearing was held without input from Plaintiff. This action violates the Housing Authority grievance policy. This correspondence from Defendant HA stated, "HUD has

AMENDED COMPLAINT - 21

determined that Oregon law requires a pre-eviction hearing that provides the basic elements of due process, therefore, you are not entitled to a hearing through thr grievance policy." Then, on February 6, 2017, Defendant HA submitted an "AMENDED Discussion Summary". In this correspondence, Defendant HA stated, "You have 5 days from the date this summary is mailed to request a hearing if you are not satisfied with the summary of the discussion. The written request shall specify the reasons for the grievance and the action or relief sought." These statements singularly or in the aggregate, violate the HA grievance procedure.

77.

On February 8, 2017, Plaintiff submitted a letter requesting to initiate the Housing Authority grievance process. On February 23, 2017, Defendant HA denied Plaintiff's request. Before this letter was authored, Defendant HA initiated the eviction process on February 21, 2017, by filing a Residential Eviction Complaint. The eviction summons was served on February 22, 2017. Defendant HA used a tactical advantage to ensure a first appearance for the eviction would be held when Plaintiff was out of the area. Defendant HA's attorney in a previously filed federal suit knew that Plaintiff would not be available for the March 1, 2017, first appearance. Plaintiff was served a Forced Entry Detainer effective March 16, 2017. Plaintiff's possessions are still at the premises.These acts put Plaintiff at a disadvantage during the eviction process.

78.

Plaintiff notified Defendant HA in 2016, that litigation would be initiated to resolve ongoing landlord-tenant issues. The case at bar was filed the first week of January, 2017. Defendant HA used a known situation that was present for four years inside Plaintiff's residence as a vehicle to exert retaliation against Plaintiff. Plaintiff attempted to correct or resolve landlord-tenant issues through written complaints; the HUD approved grievance procedure; and ultimately

the courts. Defendant HA knowingly and willingly invented an issue as a cause for retaliation. Defendant HA bypassed due process mechanisms and ignored its own policies to cancel Plaintiff's tenancy. These acts together with their timing and the tone and demeanor of Defendant HA, demonstrate a retaliatory stance regarding an already known situation. Plaintiff suffers homelessness, loss of chattels, stress, anxiety and depression, because of Defendant HA's retaliation.

NINTH CLAIM FOR RELIEF: Defendant HA, Oregon Residential Landlord Tenant Act, breach of contract.

79.

Plaintiff realleges all previously raised matters as if more fully set forth herein.

80.

From April 2013 through February 2017, Defendant HA knowingly and willingly disregarded numerous complaints or failed to take corrective action regarding said complaints. Defendant HA ignored many legitimate grievances filed by Plaintiff or failed to take corrective measures to resolve landlord-tenant issues. Hud regulations, state law, and the property's lease agreement and Resident Obligations, require Defendant HA to provide safe and secure, habitable housing. The actions and inactions of Defendant HA failed to provide these basic tenets to Plaintiff. These oversights caused Plaintiff much mental anguish, diminished quality of life, and inhabitable living conditions.

81.

The official policies endorsed by all Defendants were the direct cause of the damages alleged herein by Plaintiff

WHEREFORE Plaintiff prays for judgment:

1. On all claims for relief Plaintiff prays for judgment finding that his protected

AMENDED COMPLAINT - 23

constitutional rights as a tenant were violated;

2. Plaintiff prays for judgment finding Defendant Coos-Curry Housing Authority engaged in retaliation against the Plaintiff as a tenant;

3. On the constitutional claims for relief based on Defendant HUD violating Plaintiff's 14 Amendment rights, Plaintiff prays for economic and non-economic damages of no less than $7,000.00.

4. On the Americans with Disabilities Act claims, Plaintiff prays for judgment of no less than $21,000.00.

5. On the claims against Defendant Coos-Curry Housing Authority for the Implied Covenant of quiet enjoyment violation, Plaintiff prays for judgment of no less than $34,000.00.

6. On the Freedom of Information Act claim, Plaintiff prays for judgment of no less than $3,000.00.

7. On the claim of retaliation against Defendant Coos-Curry Housing Authority, Plaintiff prays for judgment of no less than $79,000.00.

8. On the claim of breach of contract against Coos-Curry Housing Authority, Plaintiff prays for judgment of no less than $19,000.00.

9. Plaintiff prays for costs and disbursement;

10. Plaintiff prays for such other relief as is equitable and just.

DATED this 29 day of March, 2017.

Respectfully Submitted,

Dennis Hooper, pro se

AMENDED COMPLAINT-24

## CERTIFICATE OF SERVICE

I, Dennis Hooper, pro se, hereby certify that on March 30, 2017, I have served the original Plaintiff's Amended Complaint to Defendants, and the Clerk of Court to the addresses below:

Jeffrey J. Matthews, Attorney           United States District Court
360 East 10th Ave. Suite 300             Eugene Division
Eugene, Oregon 97401-3273                405 East Eighth Ave.
                                         Eugene, Or. 97401

United States Attorney General
950 Pennsylvania Ave, NW
Washington, DC. 20530-0001

by placing a true copy thereof, in the United States Mail, ordinary first class mail, with proper postage affixed and via email to Mr. Matthews.

Mr. Dennis R. Hooper, pro se
P.O. Box 1902
Roseburg, Or. 97470
mollyandeve@yahoo.com

AMENDED COMPLAINT-25