IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DENNIS RUSSELL HOOPER,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF
HOUSING AND URBAN
DEVELOPMENT, et al.,

    Defendants.

Civ. No. 6:17-cv-00031-MC

OPINION AND ORDER

MCSHANE, Judge:

Plaintiff Dennis Hooper was a tenant of Defendant Coos-Curry Housing Authority from June 2012 to March 2017. Mr. Hooper brings nine claims: (1) 14th Amendment Failure to Protect; (2) and (3) 14th Amendment Due Process Violation; (4) and (5) ADA violations; (6) Implied covenant of quiet enjoyment; (7) FOIA violation; (8) Oregon Residential Landlord Tenant Act retaliation claim; and (9) Oregon Residential Landlord Tenant Act breach of contract.

Six of the claims are asserted against Defendant Coos-Curry Housing Authority which has moved for their dismissal pursuant to Rule 12(b)(6). For the reasons stated below, Defendant's motion to dismiss (ECF No. 21) is GRANTED. Claims 1, 2, 3, 4, and 5 are dismissed with prejudice. Claims 6, 8, and 9 are dismissed without prejudice. Claim 7 is dismissed with leave to file an amended complaint to cure deficiencies identified as to claim 7 only.

1 – OPINION AND ORDER

**FACTUAL BACKGROUND**

When considering the factual allegations on a Rule 12(b)(6) motion to dismiss, the court must take the complaint's allegations of material fact as true and construe them in the light most favorable to the nonmoving party. *Grosz v. Lassen Community College Dist.*, 360 Fed. Appx. 795 (9th Cir. 2009) (citing *Keams v. Tempe Technical Inst., Inc.*, 39 F.3d 222, 224 (9th Cir. 1994)). I construe the facts with these standards in mind.

Mr. Hooper is a veteran with a physical disability suffering from paraplegia and requires a wheelchair for mobility. Amended Compl. ¶ 4, ECF No. 18. Mr. Hooper was a tenant in one of four separate units in two structures in public housing managed by the Coos Curry Housing Authority beginning in June 2012. *Id*. at ¶¶ 5-6. The four units share an outside common area, parking lot, and sidewalks. *Id*.

In April 2013, new tenants, Richard York and Jana York, moved into the unit across and diagonal from Plaintiff's. *Id*. at ¶ 7. The new tenants began to surveil Mr. Hooper's movements and actions, and converse with, harass, and berate him. *Id*. They blocked Plaintiff's full use of the common area sidewalk. *Id*. The new tenants also disregarded the rules of the property and tenancy. *Id*. These rule violations affected Mr. Hooper's peaceful enjoyment and use of his residency and "negatively impacted Plaintiff's tenancy . . . including, but not limited to, common area accessibility; invasion of privacy; verbal harassment and threats and disturbance. *Id*. at ¶¶ 8-14, 43-69.

Beginning in July 2013 and continuing through January 2017, Plaintiff submitted numerous complaints to the Coos-Curry Housing Authority management about the new tenants' actions and rule violations. *Id*. at ¶ 8. Mr. Hooper submitted written complaints on July 10, 2013; July 23, 2013; July 29, 2013; August 22, 2013; August 31, 2013; December 29, 2013; April 20,

2014; May 14, 2014; May 21, 2014; May 30, 2014; May 30, 2014 (a second complaint); July 10, 2014; July 24, 2014; September 21, 2014; October 7, 2014; November 21, 2014; December 2, 2014; December 17, 2014; August 24, 2015; September 20, 2015; September 21, 2015; September 22, 2015; June 2, 2016; June 22, 2016; September 29, 2016; October 1, 2016. *Id*. at ¶¶ 44-69. The written complaints concerned his neighbors' landscaping activities, obstructing some sidewalks in the common area, smoking on the premises, submitting an "inappropriate" maintenance request, shouting away a deer that had wandered onto the property, and other unspecified rule violations. *Id*. Defendant would sometimes respond affirmatively to plaintiff's complaints, sometimes respond negatively, and sometimes not respond at all. *Id*. When written complaints failed to improve the atmosphere of Plaintiff's tenancy, Mr. Hooper initiated the Housing Authority's grievance process. *Id*. at ¶ 9. Only one grievance hearing was held. *Id*. Third-party mediation was explored, but did not take place. *Id*. at 11.

In November 2016, a scheduled annual inspection was performed inside Plaintiff's residence. *Id*. at 15. On December 21, 2016, Plaintiff was informed that a re-inspection would be needed. Plaintiff took the position that none of the "failed items" listed for the re-inspection were lease violations, and denied Coos-Curry Housing Authority's request for re-inspection. *Id*. Coos-Curry Housing Authority initiated eviction proceedings for violation of the rental agreement, proving notice on January 19, 2017, stating that Plaintiff's tenancy would be cancelled on February 20, 2017. *Id*. Eviction documents were filed on February 21, 2017 in state court. *Id*. Plaintiff appeared by telephone at a March 1, 2017 hearing, but could not afford the filing fee with his answer, and a default judgment was issued on March 2, 2017, awarding possession of the apartment to Coos-Curry Housing Authority. *Id*. at 17. A Forced Entry Detainer mandated Plaintiff vacate the property by March 12, 2017 which he has. *Id*.

## STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

While considering a motion to dismiss, the Court must accept all allegations of material fact as true and construe them in the light most favorable to the non-movant. *Burgert v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). If the complaint is dismissed, leave to amend should be granted unless the court "determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (citations and internal quotation marks omitted).

## DISCUSSION

### First Claim for Relief: 14th Amendment Failure to Protect

Plaintiff's first claim alleges that defendant Coos-Curry Housing Authority failed to provide safe and habitable housing by failing to protect him from his neighbors' unwanted contacts and the obstacles his neighbor placed on the sidewalks near plaintiff's rental unit. Amended Compl. ¶¶ 21-26.

To sufficiently state a substantive due process claim, a plaintiff must, as a threshold matter, show that a *state* actor deprived them of a constitutionally protected life, liberty, or

property interest. *Shanks v. Dressel*, 540 F.3d 1082, 1087 (9th Cir. 2008). The state, however, is generally not required by the Constitution to "protect the life, liberty, and property of its citizens against invasion by *private* actors." *Id*. (citing *DeShaney v. Winnebago County Dep't of Soc. Serv.,* 489 U.S. 189, 195 (1989) (Emphasis added). Consequently, the state's failure to protect an individual from "harms inflicted by persons not acting under color of law" will not ordinarily give rise to § 1983 liability. *Id*. (citing *Huffman v. County of Los Angeles,* 147 F.3d 1054, 1058 (9th Cir.1998).

There are two exceptions to the general rule that a public entity's failure to protect an individual from harms by non-governmental actors will not ordinarily give rise to § 1983 liability: (1) the "special relationship" exception; and (2) the "danger creation" exception. *Johnson v. City of Seattle,* 474 F.3d 634, 639 (9th Cir. 2007). When the state has "created a special relationship with a person, as in the case of custody or involuntary hospitalization," courts have imposed liability "premised on an abuse of that special relationship." *Id.* (citing *L.W. v. Grubbs,* 974 F.2d 119, 121 (9th Cir. 1992)). The danger creation exception requires affirmative conduct by the state, creating a danger that the plaintiff would not have otherwise faced. *Id*.

The plaintiff's status as a tenant does not create a special relation with a housing authority landlord. *See*, *Arceneaux v. Marin Hous. Auth.*, No. 15-CV-00088-MEJ, 2015 WL 3396673, at *5 (N.D. Cal. May 26, 2015). A special relationship requires more and is generally found only in those instances where the government actor is holding the individual in custody involuntarily in jail or in a hospital. *See, e.g., Youngberg v. Romeo,* 457 U.S. 307, 314–325 (1982) (patient in custodial facility for the mentally retarded denied protection from violence);

*Estelle v. Gamble,* 429 U.S. 97, 103–104 (1976) (prisoner denied Eighth Amendment right to medical care).

Mr. Hooper's situation parallels those cases in which a person *voluntarily* resides in a state facility. *See*, e.g., *Campbell vs. State of Washington Dept. of Social and Health Services*, 671 F.3d 837, 842-843 (9th Cir. 2011) (no special relationship exists where a person, even one with mental deficiencies, *voluntarily* resides in a state facility under its custodial rules); *Walton v. Alexander,* 44 F.3d 1297, 1305 (5th Cir.1995) (student's voluntary enrollment in school for the deaf and "willful relinquishment of a small fraction of liberty simply is not comparable to that measure of almost total deprivation experienced by a prisoner or involuntarily committed mental patient"). Mr. Hooper alleges only to be a "HUD program participant" (Amended Compl. ¶ 23) who receives federally subsidized housing assistance (Amened Compl. ¶ 22) but who was otherwise voluntarily living in public housing managed by defendant. There is no allegation, nor could it be alleged under the facts of the Amended Complaint, that defendants held Mr. Hooper in involuntary custody.

The second exception also does not apply to this case, because the defendants did not take affirmative conduct which created a danger to plaintiff. *See*, *Arceneaux*, *supra*, 2015 WL 3396673, at *5 (there is no indication that Defendant's affirmative actions placed Plaintiff's liberty or property in more danger than already existed). The danger alleged by Plaintiff was created by neighboring tenants Richard York and Jana York who are not parties to this suit. Amended Compl. ¶ 25. These two private actors allegedly harassed and berated Mr. Hooper beginning in July 2013 and continuing through January 2017. Amended Compl. ¶¶ 7-8. The allegations against defendant Coos-Curry Housing Authority are only for a failure to act, not for any affirmative conduct on their behalf. Amended Compl. ¶¶ 24-25. As in *Arceneaux*, the

Amended Complaint, construed liberally in favor of the Plaintiff, show only at most that Mr. Hooper was allowed to live in a situation not safe from third parties. The Due Process Clause, however, as held by the Supreme Court, does not require the State to protect the life, liberty, and property of its citizens against invasion by private actors. *DeShaney*, *supra*, 489 U.S. 189, 195 (1989).

Because neither the "special relationship" exception nor the "danger creation" exception apply, Plaintiff cannot state a Due Process claim under § 1983. There is no allegation or indication within the allegations that Defendants themselves deprived Plaintiff of life, liberty, or property. Plaintiff's First Claim for Relief is dismissed.

### Third Claim for Relief: 14th Amendment Due Process Violation

Plaintiff's third claim alleges that Coos-Curry Housing Authority failed to follow its own grievance procedures when plaintiff filed complaints and grievance notices regarding his neighbors' unwanted activities in violation of his due process rights. (Amended Compl. ¶¶ 30-37).

A claim for Due Process violation must be predicated on violation of a constitutionally protected interest. *Brown v. Holder*, 763 F.3d 1141, 1147 (9th Cir. 2014) (citing *Bd. of Regents of State Colls. v. Roth,* 408 U.S. 564, 569 (1972)). If there is not a violation of a constitutionally protected interest, then there cannot be a claim for violation of due process. The alleged interest violated here is Plaintiff's quiet enjoyment of his property from private individuals. This does not rise to a constitutionally protected interest. Additionally, a claim that Coos-Curry Housing Authority failed to follow its own grievance procedures is also not a basis for a Due Process claim. *Brown*, 763 F.3d at 1148 (9th Cir. 2014) (citing *United States v. Calderon–Medina,* 591 F.2d 529, 531 (9th Cir.1979) (administrative law, not Due Process, is the basis for adjudicating

actions by federal agencies which violated their own rules promulgated to give a party a procedural safeguard)).

Because there is no allegation that a constitutionally protected interest was violated by Coos-Curry Housing Authority, Plaintiff's Third Claim for Relief for Due Process violation is dismissed.

**Second Claim for Relief: 14th Amendment Due Process Violation**

Plaintiff's second claim alleges that HUD violated his due process rights by failing to assure that Coos-Curry Housing Authority followed it grievance procedures. Amended. Compl. ¶ 28. Because, as explained above, there is not a cognizable claim for Due Process violation against Coos-Curry Housing Authority, there is not a cognizable claim for Due Process violation against HUD. If Coos-Curry Housing Authority did not violate a constitutionally protected interest, then HUD cannot be liable for failing to assure Coos-Curry Housing Authority did not violate a constitutionally protected interest. Plaintiff's second claim for relief is dismissed.

**Fifth Claim for Relief: ADA Violation**

Plaintiff's fifth claim alleges that Coos-Curry Housing Authority violated Plaintiff's rights under the Americans with Disabilities Act by "allowing" his neighbors to impede his freedom of movement throughout the common area of the public housing project and to obstruct his use of the sidewalks on the property. Amended Compl. ¶ 41. Tenant Richard York's "intimidation and harassment" prevented Plaintiff from fully accessing the grassy sections of the common areas. *Id*. Plaintiff asserts that Coos-Curry Housing Authority had an obligation to "protect Plaintiff's full access under the ADA." *Id*. Title III of the ADA bars disability discrimination in public accommodations and services operated by private entities. The ADA

does not apply however to residential apartment complexes. As addressed succinctly by the Court in *Arceneaux v. Marin Hous. Auth.*, *supra*, 2015 WL 3396673 (N.D. Cal. May 26, 2015):

> Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Section 12181(7)(A) includes within the definition of public accommodation "an inn, hotel, motel, or other place of lodging." 42 U.S.C. § 12181(7)(A). However, apartment complexes do not constitute "public accommodations" within the meaning of the ADA. *See Indep. Hous. Servs. of S.F. v. Fillmore Ctr. Assocs.,* 840 F.Supp. 1328, 1344 & n.14 (N.D.Cal. 1993) (finding that "the legislative history of the ADA clarifies that 'other place of lodging' does not include residential facilities" such as apartments and condominiums); *Smith v. Powdrill,* 2013 WL 5786586, at *11 (C.D.Cal. Oct. 28, 2013) ("[T]he ADA's reasonable accommodations requirement does not extend to residential housing."); *McColm v. Anber,* 2006 WL 3645308, at *5 (N.D.Cal. Dec. 12, 2006) ("residential portions of housing developments do not fall within the bounds of the ADA").

*Arceneaux v. Marin Hous. Auth.*, No. 15-CV-00088-MEJ, 2015 WL 3396673, at *7 (N.D. Cal. May 26, 2015).

Because a residential complex is not subject to the ADA, Plaintiff's Fifth Claim for Relief for ADA violation is dismissed.

**<u>Fourth Claim for Relief: ADA Violation</u>**

Plaintiff's fourth claim alleges that HUD was indifferent to and therefore liable for Coos-Curry Housing Authority's violation of the ADA. Amended. Compl. ¶ 39. Because a residential complex is not subject to the ADA, as explained above, Plaintiff's Fifth Claim for Relief against Coos-Curry Housing Authority is dismissed. For the same reasoning, Plaintiff's Fourth Claim for Relief is dismissed.

**<u>Seventh Claim for Relief: Freedom of Information Act</u>**

Plaintiff's seventh claim alleges that HUD failed to provide requested information. Amended Compl. ¶ 71. Under 5 U.S.C. § 552(a)(4)(B), jurisdiction over FOIA claims is

dependent upon a showing that an agency has (1) "improperly"; (2) "withheld"; (3) "agency records." *Kissinger v. Reporters Comm. for Freedom of the Press,* 445 U.S. 136, 150 (1980). "Judicial authority to devise remedies and enjoin agencies can only be invoked, under the jurisdictional grant conferred by § 552, if the agency has contravened all three components of this obligation." *Id.*

Because the Amended Complaint fails to allege all necessary elements, Plaintiff's Seventh Claim for Relief is dismissed with leave to file an amended complaint in order to cure deficiencies identified with Plaintiff's FOIA claim as against HUD.

**Sixth, Eighth, and Ninth Claims for Relief**

The sixth, eighth and ninth claims for relief address state contract law and the state Oregon Residential Landlord Tenant Act. These claims do not have a factual nexus to Plaintiff's FOIA claim. Because these claims raise issues dealing solely with questions of state law, this Court declines to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c). Claims 6, 8 and 9 of the Amended Complaint are dismissed without prejudice.

**CONCLUSION**

For these reasons, defendant's motion to dismiss (ECF No. 21) is GRANTED. Claims 1, 2, 3, 4, and 5 are dismissed with prejudice. Claims 6, 8, and 9 are dismissed without prejudice. Claim 7 is dismissed with leave to file an amended complaint to cure deficiencies identified as to claim 7 only. Plaintiff has leave to file a First Amended Complaint on or before July 5, 2017. IT IS SO ORDERED.

Dated this 31st day of May, 2017.

                                              ___/s/Michael J. McShane_____
                                                    **Michael J. McShane**
                                            **United States District Judge**